Opinion by KEEFE, J. In accordance with stipulation of counsel and following the decisions cited the following allowances were made to compensate for the weight of the inedible substance on the outside of the cheese: (1) 2½ percent for the cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269; and (2) 1 percent for the cheese, similar to the Reggiano cheese the subject of *Scaramelli* v. *United States, supra.* The protests were sustained to this extent.

**No. 51252.**—Protest 112089–K of Loucraft Corp. (Minneapolis).

Opinion by KEEFE, J. At the trial it was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328); that a quantity of liquor amounting to 10 percent or more of the total contents of barrel No. 2364 was lost in transit from the port of exportation to the port of destination, due to breakage, leakage, or damage; and that said loss appears from the gauger's return verified by a timely affidavit of the importer. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer. The protest was sustained to this extent.

JULY 17, 1946

**No. 51253.**—SUIT 4530.——*United States* v. *Canada Dry Ginger Ale, Inc.* reversed May 7, 1946. C. A. D. 337.

BEFORE THE THIRD DIVISION, JULY 24, 1946

**No. 51254.**—Protests 38994–K/89547, etc., of American Express Co. et al. (Chicago).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801) which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

JULY 24, 1946

**No. 51255.**—SUIT 4536.— & Sons v. *United States*. C. D. 957. Appeal dismissed by stipulation on May 29, 1946.